**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 111014

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Lana Flores,<br><br>    Plaintiff,<br><br>    vs.<br><br>Mercantile Adjustment Bureau, LLC and Midland Credit Management, Inc.,<br><br>    Defendants. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Lana Flores (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Mercantile Adjustment Bureau, LLC and Midland Credit Management, Inc. (hereinafter referred to collectively as "*Defendants*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Lana Flores is an individual who is a citizen of the State of New York in Nassau County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Mercantile Adjustment Bureau, LLC, is a New York Limited Liability Company with a principal place of business in Erie County, New York.

8. On information and belief, Defendant Midland Credit Management, Inc., is a California Corporation with a principal place of business in San Diego County, California.

9. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Defendants allege Plaintiff owes certain debts ("the debts").

12. The debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

13. Sometime after the incurrence of the debts Plaintiff fell behind on payments owed.

14. Plaintiff's accounts accrued interest.

15. Plaintiff's accounts accrued late fees.

16. Plaintiff's accounts are interest bearing accounts.

17. Thereafter, at an exact time known only to Defendants, the debts were assigned or otherwise transferred to Defendants for collection.

18. In its efforts to collect the debt assigned to it, Defendant Mercantile Adjustment Bureau, LLC contacted Plaintiff by letter dated March 9, 2016. (**Exhibit 1.**)

19. In its efforts to collect the debt assigned to it, Defendant Midland Credit Management, Inc. contacted Plaintiff by letter dated April 13, 2016. (**Exhibit 1.**)

20. The letters are "communications" as defined by 15 U.S.C. § 1692a(2).

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

21. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

22. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

23. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

24. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

25. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

26. 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

27. A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

28. The letters set forth a "Current Balance."

29. The letters fail to disclose whether the "Current Balance" may increase due to additional interest.

30. The letters fail to disclose whether the "Current Balance" may increase due to additional late fees.

31. The letters fail to include any "safe harbor" language concerning the accrual of interest and/or fees.*Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

32. The letters, because of the aforementioned failures, and especially because of the use of the word "Current," would render the least sophisticated consumer unable to determine the amount of his or her debt.

33. The letters because of the aforementioned failures,and especially because of the use of the word "Current," would render the least sophisticated consumer unable to determine the amount of his or her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

34. The letters, because of the aforementioned failures, could be read by the least

BARSHAY | SANDERS<sub>PLLC</sub>
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

sophisticated consumer to mean that the "Balance" was static.

35. The letters, because of the aforementioned failures, could also reasonably read the letter to mean that the "Balance" was dynamic due to the continued accumulation of interest and/or late fees.

36. Because the letters are susceptible to an inaccurate reading by the least sophisticated consumer, as described, they are deceptive under 15 U.S.C. § 1692e.

37. Because the letters can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, they are deceptive under 15 U.S.C. § 1692e.

38. Defendants violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## JURY DEMAND

39. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Damages against Defendant Mercantile Adjustment Bureau, LLC in favor of Plaintiff pursuant to 15 U.S.C. § 1692k; and

b. Damages against Defendant Midland Credit Management, Inc. in favor of Plaintiff pursuant to 15 U.S.C. § 1692k; and

c. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

d. Plaintiff's costs; all together with

e. Such other relief that the Court determines is just and proper.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

DATED: January 18, 2017

                    **BARSHAY SANDERS, PLLC**

                    By:   *s/ Craig B. Sanders*
                    Craig B. Sanders, Esq.
                    100 Garden City Plaza, Suite 500
                    Garden City, New York 11530
                    Tel: (516) 203-7600
                    Fax: (516) 706-5055
                    csanders@barshaysanders.com
                    *Attorneys for Plaintiff*
                    Our File No.: 111014